IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

S. SHANE SMITH,                )
                               )
            Plaintiff,         )
                               )
     v.                        )    1:18CV914
                               )
NORTH CAROLINA DEPARTMENT OF   )
SAFETY, et al.,                )
                               )
            Defendants.        )

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on April 5, 2019, was served on the parties in this action. (Doc. 8; Docket Entry dated Apr. 5, 2019.) Plaintiff filed lengthy objections to the Recommendation (Doc. 13), as well as "Plaintiff's Request for Telephonic Conference (If Necessary)" (Doc. 12) (the "Telephone Motion"), which "requests th[e c]ourt for a telephonic conference to verbally express [Plaintiff's] objections to the Recommendation" (id. at 1).

Plaintiff has adequately articulated his positions in his filings. Therefore, a telephonic hearing would not assist in the decisional process. The request for a hearing (Doc. 12) will be denied.

Pursuant to 28 U.S.C. § 636, the court is obliged to conduct a de novo determination as to "those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2)-(3). An objecting party is required to identify specifically those findings to which objection is made and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that "[w]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise"). Similarly, general or conclusory objections that do not point to specific error do not require this court's de novo review and will result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. C.I.R., 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

As to objections V through VIII, Plaintiff fails to provide any new argument as to why the Magistrate Judge erred. Therefore, de novo review of those objections is not required, and they are reviewed for plain error, which is not evident.

Plaintiff objects to the Recommendation's conclusion that "he did not suffer discriminatory treatment as a result of his disability." (Doc. 13 at 3.) Citing law from the Second Circuit, the Recommendation stated that the ADA "requires the disabled plaintiff to allege that his or her mistreatment 'was motivated by either discriminatory animus or ill will due to disability.'" (Doc. 8 at 5 (quoting Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir.2001)).) The Recommendation found that "the Complaint fails to allege facts showing that Defendants treated Plaintiff differently than his non[-]disabled counterparts resulting in his exclusion from the kitchen job" in part because the Complaint did not allege "that Defendants provided

3

the required footwear for free to non-disabled prisoners to work in the kitchen." (Id. at 5-6.) In response, Plaintiff's objections assert that Defendants "provided footwear at no cost to" the "[n]on-disabled prisoners participating in the Inmate Job Assignment Program." (Doc. 13 at 3.)

A summary of the law applicable to this claim was recently set out by the Fourth Circuit in Wicomico Nursing Home v. Padilla:

> Title II of the ADA and Section 504 of the Rehabilitation Act prohibit discrimination against an individual because of his or her disability. 29 U.S.C. § 794(a) (prohibiting discrimination on the basis of disability against an "otherwise qualified individual with a disability" in the administration of federal programs); 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").
>
> "Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is substantially the same." Seremeth v. Bd. of Cty. Comm'rs Frederick Cty., 673 F.3d 333, 336 n.1 (4th Cir. 2012) (internal quotation marks omitted). To establish a violation of either statute, plaintiffs must prove "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 503 (4th Cir. 2016).
>
> The ADA's Title II and the Rehabilitation Act "differ only with respect to the third element, causation." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012). "To succeed on a claim under the Rehabilitation Act, the plaintiff must

4

establish he was excluded 'solely by reason of' his disability; the ADA requires only that the disability was 'a motivating cause' of the exclusion." Id. at 461–62 (quoting Baird ex rel. Baird v. Rose, 192 F.3d 462, 468–69 (4th Cir. 1999)).

910 F.3d 739, 750 (4th Cir. 2018).[1]

Compensatory damages are only available to a successful plaintiff in a suit under Title II of the ADA or § 504 of the Rehabilitation Act "upon proof of intentional discrimination or disparate treatment, rather than mere disparate impact." Paulone v. City of Frederick, 787 F. Supp. 2d 360, 373 (D. Md. 2011) (citing Pandazides v. Va. Bd. of Educ., 13 F.3d 823, 829–30 & n.9

---

[1] Though the Fourth Circuit's use of the "motivating cause" standard in ADA cases has been criticized, it continues to be the controlling law in this circuit. See Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461–62 (4th Cir. 2012) (using "motivating cause" standard); Paulone v. City of Frederick, 787 F. Supp. 2d 360, 370–71 (D. Md. 2011) (recognizing that there is a different "causative link between discrimination and adverse action" under the ADA and Rehabilitation Act because the ADA only requires proving discrimination "by reason of" disability while the Rehabilitation Act requires a showing of discrimination "*solely* by reason of" disability); Kerrigan v. Bd. of Educ. of Carroll Cty., No. JKB-14-3153, 2016 WL 470827, at *4 & n.12 (D. Md. Feb. 8, 2016) (noting, after stating that the Rehabilitation Act standard for recovery is more difficult to meet than the ADA's "motivating factor" standard, "that a circuit split has formed in recent years on the question of ADA causation, and while the Fourth Circuit has yet to revisit the 'motivating factor' standard that it announced in Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999), other courts have rejected that standard in favor of but-for causation"); Blind Indus. & Servs. of Md. v. Route 40 Paintball Park, No. WMN-11-3562, 2012 WL 6087489, at *3 n.2 (D. Md. Dec. 5, 2012) (criticizing the "motivating cause" causation standard as "plainly *dicta*" in Halpern, 669 F.3d at 462, and predicting that, in light of the Supreme Court's decision in Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 174–75 (2009), which cautions against incorporating Title VII's "motivating factor" standard into other civil rights statues in an ADEA case, the Fourth Circuit, when directly presented with the issue, will follow other circuits that have rejected the "motivating factor" standard in favor of a "but-for" standard for the ADA).

(4th Cir. 1994)). A plaintiff "need not show 'discriminatory animus' to prevail on a claim for damages under Title II of the ADA or § 504 of the Rehabilitation Act." Id. (citing Pandazides, 13 F.3d at 830 n.9). While the Fourth Circuit has not specifically addressed the standard required for proving intentional discrimination, the majority of circuits to have decided the issue have adopted a deliberate indifference standard, as have some district courts within the Fourth Circuit. Green v. Cent. Midlands Reg'l Transit Auth., No. 3:17-cv-02667-CMC, 2019 WL 1765867, at *6 n.15, *9–10, *9 n.24 (D.S.C. Apr. 22, 2019) (noting that the Fourth Circuit has not ruled on the applicable standard for claims for damages under Title II of the ADA or similar claims under the Rehabilitation Act, rejecting the "discriminatory animus" standard and adopting the "deliberate indifference" standard applied by "the vast majority, if not all, of the circuit courts that have decided the issue" (collecting cases)); Godbey v. Iredell Mem'l Hosp., Inc., No. 5:12-cv-00004-RLV-DSC, 2013 WL 4494708, at *4–6 (W.D.N.C. Aug 19, 2013) (observing that "the Fourth Circuit has not yet determined what standard of proof a plaintiff must meet to demonstrate discriminatory intent under the [Rehabilitation Act,]" noting that the Second, Eighth, Ninth, Tenth, and Eleventh Circuits have adopted the "deliberate indifference" standard for discriminatory intent while the Fifth Circuit has rejected it, and applying the deliberate indifference standard (collecting cases)).

6

In light of this case law, the fact that the Magistrate Judge reviewed the complaint pursuant to his authority under 28 U.S.C. § 1915A(a), and the fact that the Magistrate Judge expressly identified but found it unnecessary to address other potential substantive flaws in the ADA claim, the court will recommit the matter to the Magistrate Judge for further consideration pursuant to 28 U.S.C. § 636(b)(1). Accord Fed. R. Civ. P. 72(b)(3). In doing so, and in light of the statement in Plaintiff's brief that Defendants "provided footwear at no cost to" the "[n]on-disabled prisoners participating in the Inmate Job Assignment Program" (Doc. 13 at 3), the Magistrate Judge should consider whether this additional allegation alters the Recommendation's conclusion that the complaint failed to allege facts showing that Defendant treated Plaintiff differently from his non-disabled counterparts resulting in his exclusion from the kitchen job, or whether Plaintiff should be permitted to amend his complaint to add this allegation.

Plaintiff's second objection is to the Recommendation's conclusion that his "transfer to a new prison moots any request for injunctive relief." (Doc. 8 at 6; Doc. 13 at 5.) Plaintiff objects that "regardless of the facility [where] Plaintiff may be transferred or housed, he remains under the umbrella of the same prison policy which requires he carry and produce his prison identification" upon request and to receive services within the prison. (Doc. 13 at 5.) This objection does not alter the

Recommendation's conclusion, because "as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). The objections provide no argument that there should be an exception to this general rule in this instance.

Plaintiff's third objection is to the Recommendation's conclusion that he failed to state a claim based on the "threats, harassment, retaliation, and false disciplinary infractions [he] suffered for [the] verbal and written grievances" he made. (Doc. 13 at 6-7.) Plaintiff has attached to his objections a note from Defendant Adams, in which Adams allegedly threatened Plaintiff by suggesting that he keep discrepancies on labels to himself. (Doc. 13-1.) This dispute over labels led to allegedly false disciplinary charges being filed against Plaintiff, which resulted in a disciplinary conviction for him. (Doc. 8 at 7.) The objection and exhibit do not change the Recommendation's conclusion. The Recommendation notes that while the "Complaint does not make clear whether Plaintiff seeks damages due to the disciplinary conviction or simply to have that conviction reversed . . . . in either event, his claim necessarily would undermine that conviction" because he would have to first show "that such conviction was reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by

8

a federal court through the issuance of a writ of habeas corpus." (Doc. 8 at 7-8 (citing Heck v. Humphrey, 512 U.S. 477 (1994); and then citing Pierce v. Freeman, No. 95-7031, 1997 WL 467533, at *1-2).) Plaintiff has made no such showing in his objections, which means that any claims related to his disciplinary conviction fall short.

In Plaintiff's fourth objection he "objects to the Recommendation . . . which did not permit [Plaintiff] to proceed with his related state law claims in this action." (Doc. 13 at 8). The objections ask that the court "allow [Plaintiff] to proceed with state law claims in this action[,]" as Plaintiff maintains that "[t]he state law allegations are inter-twined [sic]" with his federal claims, for "[c]lothing which accommodated his disability and his ability to complete his writing needs are two major points of Plaintiff's Settlement Agreement with prison officials." (Id.) However, the complaint raises no state law claims, regarding the Settlement Agreement or otherwise. (See Doc. 2 at 38-41 (asserting claims solely under federal law and the United States Constitution); see also id. at 43 (asserting that "the acts and omissions of Defendants . . . [violate] the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution," as well as "the [ADA] and the Rehabilitation Act").) Accordingly, this objection lacks merit.

In sum, the court has appropriately reviewed the portions of the Magistrate Judge's report to which proper objection was made and has made a de novo determination. The review is in accord with the Magistrate Judge's report except as to the ADA and Rehabilitation Act claims to the extent that Plaintiff seeks to proceed directly against a state agency or assert official capacity claims against individual Defendants for compensatory damages. The court recommits the ADA and Rehabilitation Act claims for compensatory damages to the Magistrate Judge for reconsideration in light of the Fourth Circuit's standard. The court otherwise adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that, except for Plaintiff's § 1983 claims against Defendant Roach for retaliating against Plaintiff for filing grievances and court cases by removing his access to a computer, restricting his access to a word processor, and changing the type of his pants and against Defendant Moore for his participation in the retaliation by changing the type of Plaintiff's pants, and Plaintiff's ADA and Rehabilitation Act claims against a state agency or Defendants in their official capacities for compensatory damages, all of Plaintiff's other claims are DISMISSED for failing to state a claim;

IT IS FURTHER ORDERED that Plaintiff's ADA and Rehabilitation Act claims against a state agency or Defendants in their official

capacities for compensatory damages are recommitted to the Magistrate Judge for Reconsideration in light of the case law.

IT IS FURTHER ORDERED that "Plaintiff's Request for Temporary Restraining Order and/or Preliminary Injunction" (Doc. 4) and Plaintiff's Telephone Motion (Doc. 12) are DENIED as moot;

IT IS FURTHER ORDERED that "Plaintiff's Request for Appointment of Counsel" (Doc. 3) and "Plaintiff's Motion for Expedited Review" (Doc. 7) are DENIED.

/s/   Thomas D. Schroeder
United States District Judge

August 12, 2019